We do have two argued motions. We'll hear the first one, Accent Delight. And before we start, let me congratulate Judge Raggi on taking senior status, which took effect on Friday. Thank you, Your Honor. Marcus Asner with Arnold and Porter for Sotheby's. I'd like to reserve one minute for rebuttal, if possible. We usually don't do rebuttal on motions, but go ahead. That's fine. You can have four minutes and then one minute. Thank you, Your Honor. So, I'd like to start with a simple central point that I think goes to the crux of the matter before the Court. And that's this. There is nothing in the record suggesting that the criminal authorities in Monaco and Switzerland asked for, need, or even want the discovery that petitioners presently seek in this petition. Neither prosecutor submitted an MLAT request. In fact, petitioners asked the Monaco magistrate twice to get documents from Sotheby's, and the magistrate refused that request. The prosecutors already have, right now, the core Sotheby's documents they would need if they were to bring a criminal case against Bouvier. And those are the documents that show the price that Bouvier actually paid for the art pieces that came through Sotheby's. Now, the fact that the prosecutors have shown no interest in this new tranche of discovery is very important, I think, for two main reasons. The first one is simple. It underscores that there's absolutely no harm if the Court issues a stay here. But the more fundamental reason it's important is that it underscores the petitioner's reliance on the criminal— It's the prejudice in producing the documents. The prejudice to Sotheby's, Your Honor, is that we are producing documents to our opponent in an ongoing case in Geneva. And so we can't unring that bell. And, in fact, you have the situation here where Judge Furman already found there was prejudice, because you recall that he issued a stay with respect to the extraterritorial documents, but not with the U.S. documents. I take it you would not object to as fast as possible an expedited appeal if we agreed with it? Your Honor, I think it's not wise. Obviously, I'm not going to object, but plainly I think they have the ability to control that somewhat by when they put in their response brief. I think it's not wise because there are some fundamental issues here that are very difficult, and one of them is the extraterritorial application. And I think, frankly, the Court would do well by having the full record here and the opportunity for the— Expedite doesn't always mean that we file an opinion the day after argument, but just put you both in line ahead of everybody else who doesn't have this kind of a time problem. I think the problem is that there is absolutely no reason to expedite here, and that's because there's no reason for this tranche of documents. The prosecutors overseas already have the documents they need, and the issues here, particularly the extraterritorial issue— Do we know that, or are you telling us that? I mean, I understand you know it. Do I know that? We know on the record that they have refused Petitioner's request twice to ask for the documents from Sotheby's. And so they have a core set of documents that show the price that Bouvier paid for the artworks, and that's the key to their case, because that they can use to establish a fraud case. This tranche of documents has really nothing to do with their criminal case. So if I can go back to my argument, I think that the fact that petitioners are using 1782 to get discovery from an adversary in a civil case by itself should defeat the petition under Intel. The court's been very clear that you can't apply the Intel factors mechanically. You said it most recently in the Kybal case, Kybal v. Kravath. So we think it's plain that there's a substantial possibility that will show that the district court abused its discretion here. It didn't focus on the fact there is a pending litigation here, and they just mechanically applied, the court mechanically applied, the formal point that there is a criminal case going on in Monaco, not recognizing that, in fact, there is a, that, that, not recognizing that, in fact, they are adversaries in that, in a case in Geneva right now. I see my time's up. We'll hear from your colleague on the other side. May it please the court, Sotheby's position on both issues, the expedited appeal and the stay, can be summarized in one word, stall. That's what this is really about. Because the Monaco prosecutor, in fact, did say, and it's in the record from the last appeal, that he would welcome documents that we were talking about. So, yes, they want the documents. And that's very nice that Sotheby's says the documents won't aid the criminal proceeding. But they're the only ones that know what's in the documents. We don't know. The prosecutors don't know. And the issue about any possible use of the documents against Sotheby's is countered by the protective order. Here we have a district judge who used a scalpel, within his broad discretion, to separate out the question of extraterritorial documents from the domestic documents in the 30B6 deposition. And that was a very wise and careful approach. There's no need to disturb that. Sotheby's has a, quote, difficult burden, according to the cases, to get such a stay. And the protective order requires us to go back to the district judge if we want to use it for any other purpose other than the two criminal proceedings that are going ahead in Europe. So there is adequate protection for Sotheby's. There is no prejudice. The real prejudice is from delay on their part in producing the documents, because we don't know when those criminal investigations in Europe are going to be completed. And they shouldn't be completed before these documents are given to the authorities so they can assess the impact. Were we to disagree with you, I assume that you would not object to a speedy getting at the head of the line for an appeal. Your Honor, not only would we not object, we've asked for that relief. We have made a cross motion for that. And, in fact, I think there's probably an inverse relationship between the need for a stay and the need for an expedited appeal. So that, yes, were we unfortunate enough not to win in opposing the stay, certainly we would want the earliest and most expedited decision from the court on the merits after we brief. And my understanding is that Sotheby's brief would be due on September 26th, so that it's something that could be done quickly. But still the justification for the stay simply isn't there. And the first intel factor is not implicated here because that really is a question of comity with the foreign jurisdiction. It's not a question of whether or not there is some other possibility of the use of the documents. And, again, the protective order which Sotheby's somehow overlooked in its main brief, they didn't mention that at all, and that is the key to why the procedure below works so well. So we ask the court to deny the request for the stay and in any event grant the request for an expedited appeal. Thank you. Briefly, Your Honor, a few points. Mr. Kornstein focused on the last appeal regarding Monaco, but that concerned a very different tranche of documents. Of course the court welcomed those because that goes to the core of the case against Sotheby's. Second point I want to make, Your Honor, is with respect to the protective order, Judge Furman already found that you can't unring the bell even with the protective order. They will get our material, they'll be able to study our material, and nobody suggests that the court will be able to claw back that material from a foreign prosecutor. Another point that I didn't get a chance to make, but I will now, is that we run the risk of mooting our appeal with respect to the U.S. domestic documents if you don't enter the stay that we request here. That was the situation that happened on the initial appeal where there was a question about mootness because some of the documents that we had produced made its way to the Monaco court. And then finally, to the extent there's any prejudice here, there is actually none to petitioners. The only one who could be prejudiced is the Monaco magistrate, not the petitioners. But petitioners have foreclosed their ability to recover monetary damages in Monaco. So there is no harm to petitioners here. Thank you. Thank you. Thank you. We'll reserve decision.